**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 18-47-DLB**

**JAMES EDWARD BROWN**                                                         **PLAINTIFF**

**v.**                             **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration**                             **DEFENDANT**

                                                  ** ** ** ** ** **** **

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will **affirm** the Commissioner's decision.

**I.**       **FACTUAL AND PROCEDURAL BACKGROUND**

On June 17, 2015, Plaintiff James Edward Brown protectively filed for a period of disability and Disability Insurance Benefits (DIB) under Title II, and on January 28, 2016, similarly filed for Supplemental Security Income (SSI) under Title XVI. (Tr. 11, 208-25). Each application alleged disability beginning on May 2, 2015, when Plaintiff was forty-four (44) years old. (Tr. 18, 208-25). Both applications were initially denied, and again on reconsideration. (Tr. 130, 140-54). At Plaintiff's request, an administrative hearing was conducted on April 20, 2017 before Administrative Law Judge (ALJ) Dennis Hansen. (Tr. 55-83). On June 19, 2017, ALJ Hansen ruled that Plaintiff was not entitled to benefits. (Tr. 11-20). This decision became the final decision of the Commissioner on January 16,

2018, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-7).

Plaintiff filed the instant action on February 20, 2018 alleging that the ALJ's decision was not supported by substantial evidence, contrary to law, and applied the incorrect standards. (Doc. # 2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 11 and 13).

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

### B. The ALJ's Determination

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant has engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The burden of proof rests with the claimant on Steps One through Four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). As to the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [the claimant's] residual functional capacity." *Id.* The ALJ's determination becomes the final decision of the Commissioner if the Appeals Council denies review, as it did here. *See Thacker v. Berryhill*, No. 16-CV-114, 2017 WL 653546, at *1 (E.D. Ky. Feb. 16, 2017); (Tr. 1-7).

Here, at Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 2, 2015, the alleged onset date of the disability. (Tr. 13). At Step Two, the ALJ determined that the Plaintiff has the following severe impairments: history of cardiovascular accident (CVA), hypertension with history of heart disease, kidney disease with history of kidney stones, gout, obesity, anxiety, and depression. (Tr. 13). The ALJ determined that Plaintiff's alleged sinusitis, diabetes, hyperlipidemia, and vitamin D deficiency were non-severe impairments because they did not cause "more than minimal work related limitations." (Tr. 13). At Step Three, the ALJ concluded that

3

Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 13-15).

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity (RFC) to perform work at the light exertional level as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following modifications and limitations:

> [C]laimant can occasionally climb ramps and stairs; and can occasionally stoop, kneel, crouch, and crawl. He can occasionally be exposed to extreme cold, extreme heat, humidity, and wetness. The claimant can never climb ladders, ropes or scaffolds; and can never be exposed to unprotected heights or dangerous moving machinery, and can never operate a motor vehicle at work. He can understand and remember simple instructions; and can sustain attention and concentration to complete simple tasks with regular breaks every two hours. The claimant can interact as needed with supervisors and coworkers and occasionally interact with the public. He can adapt to routine work conditions and occasional work place changes.

(Tr. 15). Based on this RFC and relying on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff was unable to perform his past relevant work as an apartment maintenance worker and auto mechanic. (Tr. 18). Thus, the ALJ proceeded to Step Five where he determined, informed by testimony of the VE, that there were other jobs that exist in significant numbers in the national economy that the Plaintiff could perform. (Tr. 18-19). Accordingly, the ALJ ruled that the Plaintiff was not under a disability, as defined in the Social Security Act. (Tr. 19).

**C.   Analysis**

Plaintiff advances two arguments in the memorandum in support of his Motion for Summary Judgment. (Doc. # 11-1). First, Plaintiff claims that the "determination that [he] is not disabled is not supported by substantial evidence." *Id.* at 10-12. Second, Plaintiff

argues that the ALJ "failed to properly evaluate [his] subjective complaints of pain." *Id.* at 12-14. The Court will consider each argument in turn.

### 1. The ALJ's RFC determination is supported by substantial evidence.

An RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996). Stated another way, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is only required to incorporate those limitations that he or she finds credible in the RFC assessment. *Irvin v. Soc. Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff asserts that the ALJ's determination was not supported by substantial evidence because "[w]hen the record in this case is considered in its entirety, the combined effects of Mr. Brown's physical and mental impairments, reflect that he could not perform a wide range of even sedentary work on a regular and sustained basis." (Doc. #11-1 at 10-11). More specifically, Plaintiff claims the ALJ erred by failing to properly address all of Brown's ailments and limitations in the decision. *Id.* at 11-12.

First, the Plaintiff argues that the ALJ failed to address his "chronic kidney disease" and categorize his "panic disorder with agoraphobia or depressive disorder" as severe. This argument is meritless. "The ALJ is not required to describe the claimant's limitations

5

using the exact language of those medical sources so long as substantial evidence demonstrates that the ALJ adequately portrayed the claimant's limitations in the RFC." *Harris v. Comm'r of Soc. Sec.*, No. 2:17-cv-131, 2017 WL 5507618, at *2 (S.D. Ohio Nov. 17, 2017). *See also Smith-Johnson v. Comm'r of Soc. Sec*, 579 F. App'x 426, 436 (6th Cir. 2014); *Colbert v. Comm'r of Soc. Sec.*, No. 2:17-cv-876, 2018 WL 2191393, at *3 (S.D. Ohio May 14, 2018). In other words, an ALJ can accurately describe a claimant's condition using different words or phrases than those used by the claimant. *Harris*, 2017 WL 5507618, at *2. Here, the ALJ clearly stated that Brown had a number of severe impairments including "kidney disease with history of kidney stones" and "anxiety and depression." (Tr. 13). While ALJ Hansen did not use identical terms in describing Brown's conditions, the Court finds that Brown's impairments are adequately portrayed by the ALJ and, therefore, the ALJ did not err.

Plaintiff also argues that the ALJ, in concluding that Brown could interact with his supervisors and coworkers as needed, committed reversible error by failing to recognize Dr. William Rigby's conclusion that Brown has a "moderate impairment in his ability to maintain social interactions with supervisors, friends, and the public." (Doc. # 11-1 at 11-12). This assertion is similarly without merit. ALJ Hansen clearly considered the mental evaluation conducted by Dr. Rigby and acknowledged that Dr. Rigby, as well as two State agency evaluators, found that Brown had "no more than moderate mental limitations." (Tr. 17-18). In fact, the ALJ noted that he gave "significant weight to the opinion of Dr. Rigby." (Tr. 18).

While Dr. Rigby's consultative evaluation did not go into detail about how this "moderate impairment" would limit Brown's work, the evaluations by State agency

6

doctors, Dr. Jane Brake and Dr. Alex Guerrero, both did. (Tr. 96, 126-27, 601-04). Each recognize that, despite these moderate limitations, Brown can "[i]nteract frequently as needed with supervisors and peers sufficiently for task completion and involving interaction with the public on an occasional basis" and "respond appropriately to changes in a routine work setting." (Tr. 96, 126-27). This evidence is consistent with Dr. Rigby's opinion and the ALJ's determination that Brown can "interact as needed with supervisors and coworkers and occasionally interact with the public." (Tr. 15). Therefore, the suggestion that the ALJ did not give credit to Dr. Rigby's assessment is incorrect.

Finally, Plaintiff suggests that ALJ Hansen did not take into consideration the physical limitations Brown faced after his stroke. (Doc. # 11-1 at 12). This criticism is, again, misguided. (Tr. 16-17). ALJ Hansen considered Brown's testimony about his own physical limitations as well as the medical evidence in the record. (Tr. 16-18). The argument that the ALJ did not consider physical limitations is countered by statements in the ALJ's decision where, for example, the ALJ acknowledged that medical records from treating physicians revealed that Brown had problems with "fine movement and writing with the hand" and "right side residual weakness and a limping gait." (Tr. 17). ALJ Hansen also considered the standing, sitting, and lifting limitations that Brown noted in his testimony, and that the non-evaluating State agency physicians (Dr. P. Saranga and Dr. Subhideb Mukherjee) included in their evaluations. (Tr. 16-17). Had ALJ Hansen not taken Brown's physical limitations into consideration, the RFC determination would not have included limitations on physical activities such as stooping, crouching, crawling, and climbing, among other things. (Tr. 15). Thus, Brown's argument that ALJ failed to consider his physical limits carries no weight.

7

Considering collectively the arguments that the ALJ ignored evidence, the Court finds the Plaintiff appearing to argue that the ALJ improperly credited the opinions and evidence of medical doctors over his and his mother's testimony and evidence regarding his physical and mental limitations. The ALJ's determination, however, was proper. The ALJ is required to consider all of the evidence in the record and rely on that which the ALJ finds credible to determine the RFC. *Irvin*, 573 F. App'x at 502; 20 C.F.R. § 404.1545(e). A reviewing court gives "the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity . . . of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476.

In social security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1527. A treating source is the claimant's "own acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id. See also Abney v. Astrue*, No. 5:07-cv-394-KKC, 2008 WL 2074011, at *11 (E.D. Ky. May 13, 2008). A non-treating source is an acceptable medical source who has examined the claimant but does not have an ongoing treatment relationship with him, while a non-examining source has provided medical or other opinion evidence in the case without examining the claimant. *Abney*, 2008 WL 2074011, at *11 (citing 20 C.F.R. § 404.1527). Evidence may also come from testimony of the claimant and opinions of the claimant's family members. *See, e.g.*, *Logan v. Colvin*, No. 5:13-cv-210-DCR, 2014 WL 5486318, at *5-6 (E.D. Ky. Oct. 29, 2014) (examining the ALJ's weighing of the claimant's testimony and lay opinions from the claimant's family). The Sixth Circuit has previously upheld an ALJ decision

discounting the evidence of a claimant's family member "on the basis that it conflicted with other substantial evidence in the record." *Gustafson v. Comm'r of Soc. Sec.*, 550 F. App'x 288, 289 (6th Cir. 2014). Similarly, "[a]n ALJ is not required to accept the Claimant's testimony as fully credible." *Logan*, 2014 WL 5486318, at * 5 (citing *Jones*, 336 F.3d at 476).

Here, the ALJ considered the Plaintiff's testimony, medical records, opinions from five doctors, a report written by Plaintiff's mother, and Plaintiff's own testimony in coming to the conclusion that Plaintiff could engage in light work with certain additional modifications and limitations. (Tr. 16-18). This conclusion is supported by substantial evidence in the form of opinions of the State agency doctors (Dr. Brake, Dr. Guerrero, Dr. Saranga, and Dr. Mukherjee) and the opinion of consultative examiner, Dr. Rigby, which all indicated an ability to work with some limitations. (Tr. 91-97, 122-28, 601-05). Additionally, evidence from examining and treating physicians suggested improvements in Brown's heath since his stroke and a lack of abnormal muscular strength, which further supports the conclusion that he could work. *See, e.g.,* (Tr. 16) (noting Claimant's improved ejection fraction and finding "[t]here was no evidence of abnormal strength or tone in the head, neck, spine, chest, pelvis, or extremities"). As the testimony of Brown and opinion of his mother were inconsistent with the medical findings, the ALJ did not err by discounting this evidence, and giving more weight to the opinions of medical professionals. *See supra*.

"While the ALJ weighed the evidence contrary to how the Plaintiff preferred, the ALJ did not fail[] to mention or analyze the evidence in the record" as alleged by Plaintiff. *Halcomb v. Berryhill*, No. 6:17-cv-36-DLB, 2018 WL 386159, at *6 (E.D. Ky Jan. 11, 2018)

9

(quoting *Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 436 (6th Cir. 2013)) (internal quotations omitted). Further, the ALJ based his RFC conclusion on substantial evidence. As it is the job of a reviewing Court to determine if there is substantial evidence to support the ALJ's conclusion and not to "re-weigh record evidence," the Court must uphold the decision of ALJ Hansen. *DeLong v. Comm'r of Soc. Sec*, 748 F.3d 723, 726 (6th Cir. 2014).

### 2. The ALJ properly evaluated Plaintiff's subjective complaints of pain.

In determining an RFC, the ALJ must evaluate the claimant's complaints of pain, and, in doing so, the ALJ may consider the credibility of the claimant. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008). "[A]n ALJ's assessment of credibility must be supported by substantial evidence" and an ALJ's assessment of credibility is "to be accorded great weight and deference." *Walter v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). *See also Jones*, 336 F.3d at 474. Without more, a claimant's complaints of pain will not establish that an individual is disabled. *Amir v. Comm'r of Soc. Sec.*, 705 F. App'x 443, 449 (6th Cir. 2017). The ALJ undertakes a two-prong assessment when evaluating a claimant's complaints of pain—first the ALJ determines if there is objective evidence of an underlying condition which could cause pain, and then the ALJ determines if "objective medical evidence confirms the severity of the alleged pain arising from the condition, or . . . the objectively established medical condition is of such severity that it can reasonably be expected to produce the disabling pain." *Vance*, 260 F. App'x at 806 (citing *Duncan v. Sec. of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).

This second argument presented by Plaintiff overlaps with his first; Plaintiff claims that "the ALJ has failed to properly assess the entirety of the medical evidence including all the[] additional medical problems which are resulting in additional levels of pain for Mr. Brown." (Doc. # 11-1 at 14). Again, Plaintiff seems to disagree with the ALJ favoring the opinions of doctors over Brown's own testimony about his pain in determining that Brown is not disabled and can work with some limitations. The Court finds, however, that the ALJ properly evaluated Brown's complaints of pain and the RFC determination was supported by substantial evidence.

ALJ Hansen, in undertaking the two-prong assessment of Brown's pain concluded "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 17). The ALJ considered Brown's testimony regarding the pain he suffers in conjunction with medical records and opinions. Medical records indicated, for example, that Brown suffered from painful conditions like gout and kidney stones, but the ALJ also recognized that "notes indicated poor compliance with allopurinol and a reluctance to take sodium citrate to address these issues." (Tr. 17). Medical opinions also indicated that Brown could undertake light work with a number of limitations in order to account for his physical and mental conditions and ailments. (Tr. 17). *See also* Part II.C.1 *supra*. Further, medical records from treating physicians indicated that Brown was suffering from little to no pain. *See, e.g.*, (Tr. 508, 911, 915) (indicating pain levels ranging from zero to three). The ALJ has not erred by giving greater weight to medical records and opinions regarding the

symptoms of Brown's ailments, and the limitations caused by those ailments, over the testimony of Brown himself.  See Part II.C.1 *supra*.

Moreover, while not specifically discussing each complaint of pain, the ALJ did account for the pain Brown testified to by incorporating limitations on stooping, kneeling, crouching, crawling, and climbing into the RFC.  (Tr. 15).  The ALJ also accounted for Brown's mental problems by incorporating regular breaks and limitations on his interactions with the public.  (Tr. 15).  Thus, the ALJ appears to have given some weight to Brown's complaints of pain in determining Brown's RFC.  This Court must defer to the ALJ's credibility assessment and weighing of the evidence and find that ALJ Hansen properly considered Brown's subjective complaints of pain.  *Cutlip*, 475 F.3d at 729.

### III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act was supported by substantial evidence.

Accordingly, **IT IS ORDERED** as follows:

(1)    The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2)    Plaintiff's Motion for Summary Judgment (Doc. # 11) is hereby **DENIED**;

(3)    Defendant's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED**; and

(4)    A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 11th day of December, 2018.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\SocialSecurity\MOOs\London\18-47 Brown MOO.docx